**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elias MARTINEZ–MATA,**
**Defendant–Appellant.**

No. 02–41644.
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 2003.

Roland E. Dahlin, II, Federal Public Defender, Aurora Ruth Bearse, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

James Lee Turner, Assistant US Attorney, US Attorneys Office, Southern District of Texas, Houston, TX, Mark Michael Dowd, US Attorney's Office, Southern District of Texas, Brownsville, TX,for Plaintiff–Appellee.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

---

PER CURIAM.*

Elias Martinez–Mata ("Martinez") appeals his guilty-plea conviction and sentence for illegal reentry following deportation. Martinez argues pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. Martinez concedes that this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and he raises it for possible direct review by the Supreme Court.

Martinez's *Apprendi* argument is foreclosed by *Almendarez–Torres*, 523 U.S. at 235. We must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000) (internal quotation and citation omitted).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

